**UNITED STATES DISTRICT COURT**
**Middle District of Florida**
**Orlando Division**

| | | |
|---|---|---|
| SOMMER SHERWOOD, | : | Case No. 6:24-cv-00560 |
| | : | |
| Plaintiff, | : | Judge Paul G. Byron |
| | : | |
| v. | : | Magistrate Judge |
| | : | Robert M. Norway |
| | : | |
| TOBIAS & ASSOCIATES, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT TOBIAS & ASSOCIATES, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Tobias & Associates, LLC ("Defendant" or "Tobias") hereby answers Plaintiff Sommer Sherwood's Original Complaint (ECF No. 1) ("Complaint") as follows:

1. The allegations contained in paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the Telephone Consumer Protection Act ("TCPA"), the Florida Telemarketing Sales Act ("FTSA") and the Florida Telemarketing Act ("FTA").

2. Defendant denies the allegations contained in paragraph 2 of

the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore, denies the same.

5. Defendant admits that it is a Florida corporate entity with its principal place of business located in Boca Raton, Florida. Defendant denies the remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Defendant admits that this Court retains federal question jurisdiction over TCPA claims and supplemental jurisdiction over Florida state law claims.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that venue is proper in this Court because Defendant transacts business in this District. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

## STATUTORY BACKGROUND

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

10. The allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

11. The allegations contained in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

12. The allegations contained in paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

13. The allegations contained in paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

14. The allegations contained in paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

16. The allegations contained in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

17. The allegations contained in paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

18. The allegations contained in paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the TCPA.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

22. The allegations contained in paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

23. The allegations contained in paragraph 23, including all subparts, of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTSA.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTA.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTA.

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies violating the FTA.

## FACTUAL ALLEGATIONS

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits that it engages in telemarketing to consumers who provide consent to be contacted.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant admits to having telephone contact with Plaintiff on December 11, 2023 after Plaintiff consented to received such telephone

contact. Defendant denies the remaining allegations contained in paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Complaint and therefore, denies the same.

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 36 of the Complaint and therefore, denies the same.

37. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 37 of the Complaint and therefore, denies the same.

38. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 38 of the Complaint and therefore, denies the same.

39. Defendant admits to having telephone contact with Plaintiff on December 11, 2023, after Plaintiff consented to such contact. During that telephone contact, Plaintiff enrolled in an insurance policy issued by Ambetter effective January 1, 2024. Defendant denies each and every other allegation contained in paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 44 of the Complaint and therefore, denies the same.

45. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 45 of the Complaint and therefore, denies the same.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 55 of the Complaint and therefore, denies the same.

56. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 56 of the Complaint and therefore, denies the same.

57. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 57 of the Complaint and therefore, denies the same.

58. Defendant admits the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

## PLAINITFF'S CELL PHONE IS A RESIDENTIAL NUMBER

67. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 67 of the Complaint and therefore, denies the same.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

68. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. The allegations contained in paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to an injunction.

## **SECOND CLAIM FOR RELIEF**

74. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

## **THIRD CLAIM FOR RELIEF**

78. Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. The allegations contained in paragraph 81 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to relief under the FTA.

82. The allegations contained in paragraph 82 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to relief under the FTA.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief for which she prays. Defendant prays that Plaintiff's Complaint be dismissed with prejudice, and the Court award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring this action because she has not suffered an injury-in-fact as a result of any conduct by Defendant.

3. Plaintiff failed to join necessary and/or indispensable parties.

4. Plaintiff is not the real party in interest.

5. The imposition of statutory damages against Defendant under the TCPA would violate the Due Process Provision of the United States Constitution.

6. Plaintiff's claims are barred to the extent she is not a called party within the meaning of the TCPA.

7. Plaintiff's claims are barred to the extent that her telephone number was not registered on the National Do Not Call List for more than 30 days prior to any telephone contact she had with Defendant.

8. Plaintiff's claims are barred because any telephone calls alleged to have violated the TCPA occurred with Plaintiff's prior consent.

9. Plaintiff's claims are barred because the alleged telephone

calls were not placed by the Defendant, Defendant's agent, or any other entity for which Defendant may be vicariously liable under the TCPA.

10. Plaintiff has an established business relationship with Defendant.

11. Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

12. Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

13. To the extent there was any violation of the TCPA, which Defendant denies, such violation was the result of conduct of a third-party with whom Defendant has no relationship or who acted outside the scope of any legal authority and/or agency.

14. To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

15. To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no

more than a $500.00 penalty as Defendant denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, and award Defendant the costs of this action and expenses, including reasonable attorneys' fees.

Date: April 15, 2024

Respectfully submitted,

*/s/ Lisa A. Messner*

Lisa A. Messner
(*Specially Admitted Pro Hac Vice)*
(Ohio Bar No. 0074034)
MAC MURRAY & SHUSTER LLP
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
lmessner@mslawgroup.com

***ATTORNEY FOR DEFENDANT TOBIAS & ASSOCIATES, LLC***

## CERTIFICATE OF SERVICE

I certify that on April 15, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Middle District of Florida.

*/s/ Lisa A. Messner*
Counsel for Defendant
Tobias & Associates, LLC